**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **SHAWN C. AUSTIN** | * | **CIVIL ACTION NO. 05-1280** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Shawn C. Austin, born March 23, 1969, filed an application for disability insurance benefits on March 17, 2003, alleging disability since October 15, 2001, due to problems relating to an electrocution accident. His attorney waived a hearing before an Administrative Law Judge, and requested benefits for a closed period from October 15, 2001 through April 1, 2004, when claimant returned to work. Following denial of his claim at the administrative level, claimant sought judicial review with this Court.

## ISSUES ON JUDICIAL REVIEW

On appeal, claimant argues that the ALJ erred: (1) in finding that he "worked on a self employed basis throughout calendar years 2002 and 2003" and that his work "as the sole proprietor of a carpentry business involved significant physical or mental

activity for pay or profit", and (2) in finding that his non-farm rental income constituted "substantial gainful activity" within the meaning of 20 C.F.R. § 404.1572, which precluded an award of disability benefits.

Claimant asserted that he became unable to work on October 15, 2001. (Tr. 12, 28). However, the ALJ noted that claimant's Work History Report showed that he worked for Austin Carpentry in 2000 and 2001, and for United Production from March, 2001 through March, 2002. (Tr. 12, 87). He further observed that claimant paid self-employment tax on earnings of $10,749.00 in 2002 and $9,472.00 in 2003. (Tr. 12). The income tax records confirm that claimant listed net earnings from *self-employment* as $10,749.00 in 2002 (Tr. 42) and $9,471.00 in 2003 (Tr. 57). (emphasis added). His net profit from business was $11,639.00 for 2002 and $10,256.00 for 2003, which income was generated from Austin Carpentry, a sole proprietorship, whom claimant identified as his "employer." (Tr. 13, 36, 39, 42, 52, 55, 57).

Applying 20 C.F.R. § 404.1574, the ALJ found that claimant's substantial gainful activity level of earnings for 2002 was $800.00 per month, yielding $9,600.00 per year. (Tr. 13). For 2003, the substantial gainful activity level was $810.00 per month, yielding $9,720.00 per year. Because claimant's self-employment income for 2002 and 2003 exceeded the substantial gainful activity amounts, the ALJ found that

claimant was not entitled to benefits.

Claimant argues that his 2002 and 2003 income tax returns "clearly show" that his income consisted "solely" of rent from a building owned by claimant and his wife. (rec. doc. 9, p. 4). However, this statement is belied by the records, as claimant's own tax returns show that he paid "self-employment" tax for these years. (Tr. 42, 57). Claimant has produced no evidence to the contrary.[1]

The Fifth Circuit has held that the earnings guidelines administrative regulation is presumed to be evidence of substantial gainful activity. *White v. Heckler*, 740 F.2d 390, 394 (5th Cir. 1984); *see also Cooper v. Barnhart*, 55 Fed.Appx. 716 *1 (5th Cir. 2002). This presumption, if unrebutted by the claimant, negates a finding as the inability to engage in substantial gainful activity. *Id.* The only evidence in the record consists of tax returns showing claimant's income from "self-employment." (Tr. 42, 57). Thus, claimant has not rebutted this presumption.

For a self-employed person, SGA is defined as "render[ing] services that are significant to the operation of the business and receiv[ing] a substantial income from the business." 20 C.F.R. §§ 404.1575(a)(1) and 416.975(a)(1). "Significant services"

---

[1] In support of his argument, claimant cites *Wettstein v. Califano*, 478 F.Supp. 838, 842 (E.D.Wis. 1979), which is a case from outside of this circuit and is nonbinding on this court. Additionally, *Wettstein* is distinguishable, because plaintiff there was claiming both rental income and per diem earnings, and the total amount was below the income level constituting substantial gainful activity.

3

are defined as follows: "[i]f you are not a farm landlord and you operate a business entirely by yourself, any services that you render are significant to the business." 20 C.F.R. §§ 404.1575(b)(1) and 416.975(b)(1). The ALJ noted that as "sole proprietor" of the carpentry business, claimant must have rendered services significant to the business. (Tr. 13). His tax returns show that he also received a substantial income from the business. Claimant has produced no evidence to the contrary.

Based on the foregoing, it is my recommendation that the Commissioner's decision be **AFFIRMED** and that this action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN**

**AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed this 11th day of July, 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE